Filed 3/9/21  P. v. Hernandez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>RICARDO HERNANDEZ,<br><br>  Defendant and Appellant. | B303608<br><br>(Los Angeles County<br>Super. Ct. No. BA285268) |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Reversed with directions.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Ricardo Hernandez appeals from the superior court's order denying his petition for resentencing under Penal Code section 1170.95.[1] He contends the court, after issuing an order to show cause under section 1170.95, subdivision (c), erred by applying an incorrect standard of proof when ruling, under section 1170.95, subdivision (d)(3), the prosecution proved he was ineligible for resentencing. Hernandez argues that, in requiring the prosecution merely to prove he "could still be convicted of murder" under changes in the law effected January 1, 2019 by Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4), the court applied a standard of proof "equivalent to the substantial evidence standard." Hernandez argues the correct standard requires the court, acting as an independent factfinder, to determine whether the prosecution proved beyond a reasonable doubt the defendant "is guilty of murder" on a theory that is valid under current law. The People agree (as the record shows) the superior court applied a substantial evidence standard, but argue that is the correct standard.

It is not. As we held in *People v. Rodriguez* (2020) 58 Cal.App.5th 227, petition for review pending, petition filed January 15, 2021, S266652, following *People v. Lopez* (2020) 56 Cal.App.5th 936, review granted February 10, 2021, S265974, "section 1170.95 requires the prosecutor to prove beyond a reasonable doubt each element of first or second degree murder under current law to establish a petitioner's ineligibility for relief under that statute." (*Rodriguez*, at pp. 230-231; see *People v. Harris* (Feb. 16, 2021, B300410) ___ Cal.App.5th ___, ___ [2021 WL 567388, p. 7]; *People v. Duchine* (2021) 60 Cal.App.5th 798, 810; *People v. Clements* (2021) 60 Cal.App.5th 597, 614-615;

---

[1] Statutory references are to the Penal Code.

*Lopez*, at p. 942.)[2]  We explained that, in evaluating whether the prosecutor has met this burden, "it is the court's responsibility to act as independent fact finder and determine whether the evidence establishes a petitioner would be guilty of murder under" the law as amended by Senate Bill No. 1437.  (*Rodriguez*, at pp. 243-244.)  Therefore, the superior court's order denying Hernandez's petition is reversed, and the trial court is directed to make a determination under section 1170.95, subdivision (d)(3), applying the correct, beyond-a-reasonable-doubt standard.


                    SEGAL, J.


    We concur:


                    PERLUSS, P. J.            FEUER, J.

---

[2]    The Supreme Court granted review in *People v. Duke* (2020) 55 Cal.App.5th 113, review granted January 13, 2021, S265309, to decide whether the People can meet their burden of establishing a petitioner's ineligibility for resentencing under section 1170.95, subdivision (d)(3), by presenting substantial evidence of the petitioner's liability for murder under sections 188 and 189 as amended by Senate Bill No. 1437.